USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/20/2022__

# JacksonLewis

**Jackson Lewis P.C.**
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-8060 Main
(914) 946-1216 Fax
jacksonlewis.com

**VIA ECF**

December 16, 2022

Honorable James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street Courtroom 21-D
New York, NY 10007

Re:   Matthew Belanger v. New York University, et al.
        Case No. 1:21-cv-01644 (GHW)(JLC)

Dear Judge Cott:

We represent Defendants.  We write on behalf of the parties to submit a proposed protective order and to request the Court's assistance with one outstanding issue relating to the proposed order.

Plaintiff *Pro Se*, Matthew Belanger, is being assisted in this action by the Hofstra University Pro Se Legal Assistance Project ("PSLAP"), which includes both practicing attorneys and law students.  Defendants have asked that all individuals who will have access to confidential documents and information be required to sign the acknowledgment.  PSLAP has informed Plaintiff that the PSLAP attorneys will sign the acknowledgment, but they will not require the students to do so.  Because PSLAP is not representing Plaintiff in this action and the students are not officers of the Court, Defendants are not comfortable with the students having access to confidential information without signing the acknowledgement.

We, therefore, ask the Court for assistance in resolving this dispute, and we thank the Court for its time and consideration.

Respectfully submitted,

*Susan D. Friedfel*

Susan D. Friedfel
(914) 872-8027
susan.friedfel@jacksonlewis.com
Jackson Lewis P.C.

Cc: Matthew Belanger, Plaintiff (Via ECF and email: fatbits@gmail.com)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MATTHEW CHARLES BELANGER,

                            Plaintiff,

     -against-

NEW YORK UNIVERSITY and                     Case No. 1:21-cv-01644 (GHW)(JLC)
SHANGHAI NEW YORK UNIVERSITY

                           Defendants.

-------------------------------------------------------------------X

      Upon consideration of this Stipulated Protective Order ("Protective Order"), filed by the parties to this action, and for good cause shown, the Court hereby enters the following Protective Order.

      1.      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action, through their respective counsel, hereby stipulate to the entry of this Protective Order for the protection of certain confidential, personal, proprietary, financial, and/or trade secret information which may be produced or otherwise disclosed during the course of this action.

      2.      The parties hereby agree that any documents, electronically stored information, or other written material (collectively "Material"), produced by any party or non-party to this action (the "Producing Party"), and designated by the Producing Party as containing "CONFIDENTIAL" information shall not be disclosed by any of the parties or their affiliates to anyone other than: (1) parties to this action, including employees and officers of any party as long as those employees and officers have been advised of this Protective Order and the fact that they are bound by its terms; (2) counsel of record for the parties, including law firm employees; (3) agents, independent consultants, experts, and other professionals retained by a party in connection with this action

1

(each a "Consultant"); (4) court reporters or videographers in this action and their staffs; (5) third party vendors employed by a party in this action; (6) the Court and Court personnel; (7) attorneys and staff from the Hofstra Pro Se Legal Assistance Program ("PSLAP") assisting Plaintiff; (8) and any mediators in this action.

3.   It is understood by the parties that Material shall not be designated as "CONFIDENTIAL" unless applicable law requires such designation or the designating party believes in good faith that the Material contains confidential, personal, proprietary, medical, mental health, financial, and/or trade secret information.

4.   Material may be designated as Confidential Information by placing a stamp or otherwise inscribing "CONFIDENTIAL" upon every page that is CONFIDENTIAL as defined above. Electronically stored information may be designated as Confidential Information by placing a mark that reads "CONFIDENTIAL" on the information or media containing the information.

5.   Deposition exhibits or transcripts, or any portion thereof, may be designated as Confidential Information by making such a designation on the record at the deposition or by making such a designation in writing within fourteen calendar days of receipt of the deposition transcript by the party designating the exhibit or transcript. Until fourteen calendar days after receipt by that party of the deposition transcript, the entire transcript and all exhibits shall be treated as Confidential Information. The party conducting the deposition shall bear the burden of ensuring that the cover page and any designated portions of the original transcript or any copies of the transcript bear the legend "CONFIDENTIAL - Subject to Protective Order."

6.   Responses to interrogatories, responses to requests for production of documents, information or things, and responses to requests for admission, may be designated as Confidential Information in whole or in part by placing the legend "CONFIDENTIAL" on the first page of such document and on any pages that contain Confidential Information. Responses to interrogatories

and responses to requests for production of documents already produced prior to the date of this Order may be retroactively designated as Confidential at the producing party's good faith request.

7. Notwithstanding the foregoing, no Material designated by any of the parties as "CONFIDENTIAL" shall be disclosed to a Consultant or to any PSLAP attorney or staff member unless and until such Consultants and/or PSLAP attorneys and staff are both informed of this Protective Order and have agreed, in writing, by signing the attached acknowledgement (the "Acknowledgement"), or other instrument similarly agreeing: (1) to be bound by the terms of this Protective Order and (2) not to disclose or otherwise use, for the benefit of anyone other than the party retaining the Consultant, any "CONFIDENTIAL" information. Such Consultant shall return to the retaining party, at the conclusion of this litigation (herein defined as the conclusion of all formal and informal proceedings arising from or relating to this litigation, including appeals), all originals and copies of such "CONFIDENTIAL" information, and summaries thereof, except that Consultants shall be permitted to retain copies of their own work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

8. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate Material or information subject to this Protective Order, the party filing such papers shall seek permission from the Court to either: (1) file public pleadings or briefs or exhibits containing "CONFIDENTIAL" information with the clerk under seal; or (2) file documents that contain both "CONFIDENTIAL" information and non-confidential information with the clerk with the "CONFIDENTIAL" information redacted.

9. Any party may at any time seek Court review of the appropriateness of any "CONFIDENTIAL" designation of Material made by a party pursuant to this Protective Order, provided that prior to and during the pendency of any such review the parties will treat the challenged information or documents as "CONFIDENTIAL" as provided herein until the Court

issues a final judicial resolution concerning the challenged designation. In any such motion, the producing party claiming the right to designate the material protected as CONFIDENTIAL shall have the burden of establishing the grounds for the designation and treatment of information as entitled to protection in accordance with this Protective Order and applicable law.  Prior to seeking Court review, the parties shall attempt in good faith to resolve the designation dispute.

10. Any failure to designate Material as "CONFIDENTIAL" that was the result of mistake or oversight may be cured after the date of production by providing written notice to the other parties within a reasonable period of time after discovering the mistake or oversight and, to the extent reasonably possible, all others who received the Material in question and who are bound by the terms of this Protective Order. Upon receipt of such notice, such individuals shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order.

11. If any "CONFIDENTIAL" information is inadvertently disclosed to any person other than as permitted by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the party whose information is disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure was made. The party responsible for the disclosure shall take all reasonable steps to prevent any further disclosure of the "CONFIDENTIAL" information.

12. Nothing herein shall be construed as a waiver of any party's right to object to the production or admissibility, at trial, deposition, or hearing, of any evidence or testimony based upon any ground other than confidentiality.

13. Nothing herein shall impose any restrictions on the use or disclosure by a party of any document, material or information legitimately obtained by such party independently of the discovery proceedings in this action and that is or becomes generally available to the public (other

than as a result of disclosure in violation of this Order or any other applicable protective order in another action).

14. Within sixty calendar days after the conclusion of this litigation, including any appeals, the parties agree to return or destroy, if permitted by applicable law, all Material designated or marked as "CONFIDENTIAL," including summaries thereof, which are received pursuant to this Protective Order. In addition, counsel for any party shall be entitled to retain all court pleadings, papers, transcripts, exhibits, correspondence, and attorney work-product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. Notwithstanding anything to the contrary in this paragraph, counsel for the parties may retain in their files any Material designated as "CONFIDENTIAL" under this Protective Order only for the limited purposes of i) enforcing any Court Order or settlement agreement in this action; or ii) defending against a potential legal malpractice claim during the statute of limitations period applicable to such a claim.

15. If, in response to a valid subpoena, court order or other legal process, a party intends to disclose any information designated "CONFIDENTIAL" under this Protective Order by another party, the disclosing party agrees to provide advance written notice to counsel for the designating party within five (5) days of receiving such subpoena, court order or other legal process and prior to any disclosure, so that the designating party may take steps to protect the confidentiality of such information. The disclosing party agrees not to disclose any such "CONFIDENTIAL" information until any objection made or filed by the designating party is resolved.

16. It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective

Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

17. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

18. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Material designated as "CONFIDENTIAL" is produced or disclosed. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. This Protective Order shall be binding upon any future party to this litigation.

20. Any party may petition the Court in the event that such party desires relief from, or modification of, a term or condition of this Protective Order.

SO STIPULATED AND AGREED:

Dated:  December 16, 2022

JACKSON LEWIS, P.C.

_____   By:_____
Matthew Charles Belanger            Susan D. Friedfel, Esq.
*Plaintiff Pro Se*                  *Attorneys for Defendants*

6

SO ORDERED.

Dated: December 20, 2022
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

MATTHEW CHARLES BELANGER,

                Plaintiff,

    -against-

NEW YORK UNIVERSITY and               Case No. 1:21-cv-01644-GHW
SHANGHAI NEW YORK UNIVERSITY

                Defendants.

-------------------------------------------------------------------------X

I, _____, acknowledge that I have read and understand the Stipulated Protective Order (the "Protective Order") in this action governing the non-disclosure of those documents and deposition testimony that have been designated as "Confidential." I agree that I will not disclose such information except as expressly permitted under this Protective Order and that at the conclusion of all of the above-captioned litigation, I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order subjects me to punishment for contempt of Court and such other and further relief as the Court may deem equitable, just and proper.

_____       _____
Date                                       Signature

4859-2204-5506, v. 5